IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:11-CR-158-ALM |
| | § | |
| MARKEITH DEMON SMITH (1), | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Markeith Demon Smith's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 9, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson, of the Federal Public Defender's Office. The Government was represented by Wes Wynne.

Defendant was sentenced on November 5, 2012, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine Base, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of III, was 135 to 168 months. Defendant was subsequently sentenced to 135 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, GED requirement, and a $100 special assessment. On July 9, 2015, the term of imprisonment was reduced to 80 months. On June 30, 2017, Defendant completed his term of imprisonment and began service of the supervision term. On January 3, 2020, this case was

reassigned to The Honorable Amos L. Mazzant, III, U.S. District Judge for the Eastern District of Texas. On February 4, 2020, Defendant's term of supervised release was revoked, and he was sentenced to 5 months imprisonment followed by 3 years supervised release subject to the standard conditions plus special conditions to include financial disclosure and drug testing and treatment. On February 14, 2020, Defendant completed his term of imprisonment and began service of the supervision term.

On December 9, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 204, Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (2) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer; (3) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours; and (4) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 204 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant failed to report to the U.S. Probation Office as directed on June 6 and June 30, 2020. Additionally, on November 19, 2020, Defendant was instructed during a home visit to report to the U.S. Probation Office the next day to submit a urine specimen for testing. Defendant failed to report as instructed on November 20, 2020; (2) On August 18, 2020, Mississippi Highway Patrol notified the U.S.

Probation Office that Defendant had been pulled over in Newton County, Mississippi, and cited for No Driver's License. Defendant did not request permission or notify the U.S. Probation Office that he would be traveling outside the federal judicial district or state; (3) Defendant failed to report he was pulled over and cited for speeding at a rate of 101 MPH in a 70 MPH zone by the Allen, Texas, Police Department on August 21, 2020. Defendant failed to report that he was pulled over and questioned by the Dallas, Texas, Police Department on October 25, 2020. Defendant failed to report that he was pulled over and questioned by the Fairview, Texas, Police Department on November 10, 2020; and (4) On February 19, 2020, Defendant was instructed to call a notification line daily and to report to a testing site as instructed as part of our office's random drug testing program. Defendant failed to submit a urine sample as directed as part of this program on February 22, April 27, June 27, July 8, August 15, August 18, September 1, September 12, October 17, October 31, and November 21, 2020. Additionally, Defendant failed to provide a urine specimen for testing on November 20, 2020, as instructed during a home visit the day before. Additionally, Defendant has failed to call the notification line daily as instructed and part of the random drug testing program on numerous dates with the most recent being November 13th through 16th, 18th through 22nd, 24th, and 26th through 30th; December 1st through 3rd, and 5th through 9th, 2020 [Dkt. 204 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 3 of the Petition. The Government dismissed allegations 1, 2, and 4. Having considered the Petition and the plea of true to allegation 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 217].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 19th day of May, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE